# No. 24-1574

# United States Court of Appeals

### *for the*

# Fourth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

– v. –

DR. IBRAHIM OUDEH,

*Defendant-Appellant,*

and

HANAN KHAROUFEH; THE NAIM TRUST; FUMYXS, LLC;
4642 JONES TRUST; 421 GROVEMONT TRUST,

*Defendants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA AT RALEIGH

## OPENING BRIEF OF APPELLANT

BRENTON D. ADAMS
BRENT ADAMS & ASSOCIATES
Post Office Box 1389
Dunn, North Carolina 28335
(910) 892-8177

*Counsel for Appellant*

CP COUNSEL PRESS    (800) 4-APPEAL • (810974)

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. ___24-1574___    Caption: ___United States of America v. Dr. Ibrahim N. Oudeh, et al___

Pursuant to FRAP 26.1 and Local Rule 26.1,

___Dr. Ibrahim N. Oudeh___
(name of party/amicus)

_____

who is _____Appellant_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?    ☐YES ☑NO

2.    Does party/amicus have any parent corporations?    ☐YES ☑NO
      If yes, identify all parent corporations, including all generations of parent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?    ☐YES ☑NO
      If yes, identify all such owners:

4.      Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?        ☐YES ☑NO
If yes, identify entity and nature of interest:

5.      Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.      Does this case arise out of a bankruptcy proceeding?        ☐YES ☑NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7.      Is this a criminal case in which there was an organizational victim?        ☐YES ☑NO
If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: /s/ Brenton D. Adams                    Date:        07/04/2024

Counsel for: Dr. Ibrahim N. Oudeh

Print to PDF for Filing

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES...................................................................ii

JURISDICTIONAL STATEMENT ........................................... 1

STATEMENT OF THE ISSUES................................................ 3

STATEMENT OF THE CASE ................................................... 5

    FACTS RELEVANT TO THE ISSUES ........................................ 5

    THE COURT FAILED TO GIVE THE DEFENDANTS A PLENARY HEARING AND REFUSED TO ALLOW THE DEFENDANTS ANY POST JUDGMENT DISCOVERY ............ 12

    DEFENDANT OUDEH'S COUNTERCLAIM AGAINST THE UNITED STATES OF AMERICA......................................... 13

    RELEVANT PROCEDURAL HISTORY ................................. 14

SUMMARY OF THE ARGUMENT ......................................... 17

ARGUMENT ........................................................................... 20

    I.    Allegations of material fact should have precluded dismissal of plaintiff's counterclaim when the complaint alleged facts sufficient to state a claim for relief ....................................................................... 22

        A.    Standard of Review ...................................... 22

        B.    Discussion.................................................... 24

CONCLUSION ........................................................................ 42

REQUEST FOR ORAL ARGUMENT ..................................... 44

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

## TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Arizona v. California,*
531 U.S. 1, 121 S. Ct. 292, 148 L. Ed. 2d 1 (2000) ..............................36

*Ashcroft v. Iqbal,*
556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ....................23

*Baltimore Center for Privacy Concerns, Inc. v.*
*Mayor of Baltimore,*
721 F.3d 264 (4th Cir. 2013)..............................................................41

*Bell Atl. Civil R.P. v. Twombly,*
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .............21, 23

*Edwards v. City of Goldsboro,*
178 F.3d 231 (4th Cir. 1999)..............................................................22

*Guerrero v. Ollie's Bargain Outlet, Inc.,*
No. 22-1402, 2024 U.S. App. LEXIS 21502
(4th Cir. Aug. 26, 2024) .....................................................................23

*Lawlor v. National Screen Service Corporation,*
349 US 322, 75 S. Ct. 865, 99 L. Ed. 1122 (1955) ..............................34

*Piedmont Trust Bank v. Linkous,*
990 F. 2d 160 (1993) ...........................................................................42

*Semenova v. Md. Transit Admin.,*
845 F.3d 564 (4th Cir. 2017)..............................................................22

*Shrader v. Harris,*
631 F. 2d 297 (1980) ...........................................................................42

*United States v. International Building Company,*
345 U.S. 502.........................................................................................36

*USA English Language Ctr. v. Accrediting Council*
    *for Continuing Educ. & Training, Inc.,*
    No. 19-2308, 2021 U.S. App. LEXIS 22247
    (4th Cir. July 27, 2021) .................................................................. 23-24

**Statutes and Other Authorities:**

28 U.S.C. § 1291 .................................................................................. 3

28 U.S.C. § 1331 .................................................................................. 2

28 U.S.C. § 1345 .................................................................................. 2

28 U.S.C. § 1391(b) ............................................................................. 2

28 U.S.C. § 1391(c) ............................................................................. 2

28 U.S.C. § 3304(b)(1) ......................................................... 1, 13, 15, 24

31 U.S.C. § 3729 ................................................................................ 14

42 U.S.C. § 1395nn ............................................................................ 14

Fed. R. Civ. P. 8(a)(2) ....................................................................... 22

Fed. R. Civ. P. 12(b)(6) ................................................................. 22, 23

Fed. R. Civ. P. 16(b) .......................................................................... 15

Fed. R. Civ. P. 60 ...........................................................18 27, 30, *passim*

Fed. R. Civ. P. 60(b) ................................................................. *passim*

N.C.G.S. § 1-605 ............................................................................... 14

*Restatement (Second) of Judgments* § 27(1982) ................................ 20

NO. 24-1574

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA
           Plaintiff – Appellee,

v.

DR. IBRAHIM N. OUDEH, HANAN
KHAROUFEH, THE NAIM TRUST,
FUMYXS, LLC., 4642 JONES TRUST,
and 421 GROVEMONT TRUST,

           Defendants – Appellants.

## JURISDICTIONAL STATEMENT

The United States of America brought this action under 28 U.S.C. § 3304(b)(1) alleging a cause of action for fraudulent transfers for the benefit of Dr. Ibrahim Oudeh and others. (Oudeh II) The defendant Oudeh, in response to the complaint filed a counterclaim alleging that the judgment upon which the fraudulent transfer allegation was based was entered improperly and in violation of the settlement agreement between the United States of America and the State of North Carolina and Dr. Oudeh. The judgment which was entered in 5:18-cv-00009-D, is

a civil action brought against Dr. Oudeh and his wife, Teresa Oudeh alleging violation of the false claims act. (Oudeh I)

The district court had subject matter jurisdiction of the action pursuant to 28 USC §§ 1345 and 1331.

At all times mentioned in the complaint, the defendant, Dr. Ibrahim Oudeh, was and is a citizen of The United States residing in the Eastern District of North Carolina. The venue is proper in the Eastern District of North Carolina pursuant to 28 USC §§ 1391(b) and 1391(c).

On 5 January 2024, the defendant, Dr. Ibrahim N. Oudeh, timely filed a Notice of Appeal from the order entered by the trial court on 8 December 2023, which Order dismissed the defendant's counterclaim with prejudice. JA934 and JA529.

On 28 March 2024, the United States Court of Appeals for the Fourth Circuit dismissed the defendant's appeal, finding that the appeal is neither from a final order nor an appealable interlocutory or collateral order. JA944.

On 22 May 2024, the Honorable James C. Dever III, United States District Judge, signed and entered an Order dismissing the action filed by the United States against all defendants without prejudice. JA948.

The above Order of 22 May 2024 was a final Order dismissing plaintiff's claim against all defendants resolved and disposed all claims and issues then pending in the district court and therefore rendered the Order of 8 December 2023, dismissing Dr. Oudeh's counterclaim, a final Order subject to appeal.

On 20 June 2024, the defendant, Oudeh, filed timely Notice of Appeal to the Court's final Order entered on 8 December 2023, which ordered dismissed with prejudice Oudeh's counterclaim.    JA949.

This Court has jurisdiction pursuant to 28 USC § 1291 (appeal from final decisions of district courts).

## STATEMENT OF THE ISSUES

I.    Whether the trial court erred in dismissing the Defendant Oudeh's counterclaim against the United States of America based upon claim preclusion when Dr. Oudeh's claim was never adjudicated in any form and whether the claim preclusion doctrine was erroneously applied by the trial court when he dismissed the plaintiff's counterclaim.

II.    Whether the trial court in the related case, Case No. 5:18-CV-9-D, (Oudeh I) failed to give the Defendant Oudeh due process in

connection with Oudeh's motion under Rule 60(b) to set aside entry of the conditional consent judgment.

III.    Whether the Defendant Oudeh is entitled to a trial by jury on his claim for breach of contract instituted pursuant to the specific provisions of the Court's order allowing institution of such action when the Defendant Oudeh asked for a jury trial in connection with this counterclaim.

IV.    Whether the honorable trial court committed error when it dismissed the Defendant Oudeh's counterclaim based upon claim preclusion when the trial court failed to afford the Defendant Oudeh due process of law in connection with his Rule 60(b) motion to set aside the conditional consent judgment.

V.    Whether the trial court erred in dismissing the counterclaim of the Defendant Oudeh based upon the doctrine of claim preclusion, when the motion upon which the claim preclusion defense was based did not result in a litigation of the issue because the trial judge in the prior proceeding did not give the defendants a plenary hearing at which the Defendant Oudeh could have called witnesses, cross examined opposing witnesses, introduced documents, and otherwise fairly litigate his claim

that the plaintiff wrongfully, in violation of the settlement agreement and without support from any facts, caused the clerk to record and enter a conditional consent judgment against the plaintiffs.

VI.    Was the Defendant Oudeh's Rule 60(b) motion to strike the conditional consent judgment wrongfully entered against him in fact litigated such that claim preclusion applied to support a dismissal of plaintiff's counterclaim.

## <u>STATEMENT OF THE CASE</u>

## **FACTS RELEVANT TO THE ISSUES**

In the false claims act civil proceeding brought against Dr. Oudeh by the United States the parties entered into a written settlement agreement on 20 April 2020.  JA118.  (Oudeh I)

In this written Settlement Agreement, the parties stipulated that: "This Settlement Agreement is neither an admission of liability by the Defendants nor a concession by the Governments that their claims are not well founded.  Defendants deny all wrongdoing or fraud alleged in the complaint.  JA118.

Under the terms of the Settlement Agreement Dr. Oudeh and his wife relinquished their interest in certain assets described in the agreement worth approximately $3,300,000. JA118.

In addition to relinquishing their interest in substantial assets, the Defendants agreed to execute a conditional consent judgment in the amount of $5,500,000.00. JA118. However, the parties also agreed that the: "Consent Judgment shall not be recorded in lien records or utilized for collection unless the Governments reasonably determine that one or both of the individual Defendants failed to disclose assets and income in the sworn Financial Statements provided to the Governments in this action or made material misrepresentations to the Governments regarding settlement or assets in this action." JA121.

The Settlement Agreement also provided that: "If the Governments learn of asset(s) in which Defendants had an interest at the time of this Settlement Agreement that were not disclosed in the Financial Statements, or if the Governments learn of any misrepresentation by Defendants on, or in connection with, the Financial Statements or this Settlement Agreement, and if such nondisclosure or misrepresentation changes the estimated net worth set forth in the Financial Statements

by $10,000.00 or more (excluding valuation disputes regarding assets disclosed in the Financial Statements provided), the Governments may collect on the Consent Judgment agreed to in this action.  JA121 – JA 122.

In the Stipulation of Dismissal and Consent Order entered by the parties and the Court on 20 April 2020, JA140, the Court provided that: "As part of the Settlement Agreement, Defendants agree to entry of the Consent Judgment (the "Consent Judgment"), attached as Exhibit 2, against them at a future date if the Plaintiffs reasonably determine that certain circumstances which are described in the Settlement Agreement have occurred."  JA118.

Paragraph 4 of the "Stipulation of Dismissal & Consent" provides that:  "The Clerk of Court shall not enter a final judgment in this matter at this time.  If the Plaintiff reasonably determines that circumstances have arisen that entitle them to file the Consent Judgment, they may immediately file a document entitled 'Notice to Clerk to File Consent Judgment' (the "Notice") with this Court…".  JA141.

The Court further provided that in the event the Plaintiffs filed Notice with the Clerk of Court:  "The Notice must contain a general

description of the circumstances that caused the Plaintiffs to believe that they were entitled to file the Notice". JA141.

The Court's "Stipulation of Dismissal & Consent Order" also provided that: "But Defendants are not waiving defenses to collection efforts. Nor are Defendants waiving the ability to initiate an action alleging that they are entitled to relief because the Plaintiffs have violated the Settlement Agreement by filing the Notice." JA141.

On 20 April 2020 the parties entered into and filed a Joint Motion entitled: "Joint Motion to Implement Terms of Settlement Agreement Regarding Distribution of Funds Deposited with the Clerk of Court and Properly Subject to Pre-judgment Writs" JA390.

The Joint Motion lists a number of properties which the Defendants have relinquished and notes that the Defendants release these properties, accounts and claims: "excluding the (i) claims for salaries and bonuses and any other claims or causes of action Defendants may assert against Goshen and others relating to the Defendants Ibrahim N. Oudeh's and Teresa Sloan-Oudeh's employment by Goshen …" JA394.

On 28 April 2020, the Honorable James C. Dever, III, entered an Order to Implement Settlement Agreement.  JA134.  Among the terms of this Order are the following:

"IT IS ORDERED that the Writ of Garnishment (D.E. 24,73) as to Goshen Medical Center, Inc., ("Goshen") shall remain in full force and effect for so long as Goshen has monies owed to any of the Defendants excluding claims for: (i) salaries and bonuses and other claims or causes of action Defendants may assert against Goshen and others relating to the Defendants Ibrahim N. Oudeh's and Theresa Sloan-Oudeh's employment by Goshen…"  JA400.

On 11 April 11 2022 the United States of America filed its notice to the Clerk to enter Consent Judgment. JA143. (Oudeh I)   In this notice the United States set out its contentions as to why it "reasonably determined that circumstances have arisen that entitled them to file the consent judgment".   JA146. The two contentions listed by the Governments are concerning (1) Dr. Oudeh's employment contract with his former employer, Goshen Medical Center which led to a Wayne County lawsuit by Oudeh against Goshen based on that contract and (2) funds deposited into a stock brokerage account for his son in 2015 and

2016. JA146-148. As a result of that incorrect notice, the Clerk, on 15 April 2022 entered Judgment against all three Defendants, jointly and severally in the amount of $5,500,000.  JA193.

That notice was incorrect and therefore a violation of the settlement agreement for two obvious and irrefutable reasons:

1.    Dr. Oudeh revealed and delivered to the Governments his complete written employment contract with Goshen long before the 20 April 2021, settlement agreement. JA432.   This contract clearly sets out Dr. Oudeh's claim to $10,000 extra income for serving as a medical director. JA441.  Dr. Oudeh's total claim against Goshen in the Wayne County lawsuit was based on the very written contract, a copy of which he delivered to the plaintiff long before the 20 April 2021 settlement agreement. The settlement itself contemplated that Dr. Oudeh would make a claim against Goshen for his employment benefits, and expressly allowed him to do so. JA394. Under the terms of the Joint Motion to Implement Terms of Settlement Agreement entered on 20 April 2020 the Governments agreed that the Defendants retained "claims for salaries and bonuses and any other claims or causes of action Defendants may assert against Goshen and any others relating to the Defendants Ibrahim

N. Oudeh and Teresa Sloan Oudeh's employment by Goshen." JA390.

This Joint Motion to Implement Terms of Settlement Agreement was approved and ordered by the Court in its Order to Implement Settlement Agreement entered on 28 April 2020. JA134 and JA406.

Judge Devers order to implement settlement agreement JA134 specifically provided that Dr. Oudeh may assert claims against Goshen relating to Dr. Oudeh's and his wife's employment by Goshen. JA134.

In the joint motion to implement terms of the settlement agreement (JA390) the United States agreed to exclude "claims for salaries and bonuses and any other claims or causes of action that defendants may assert against Goshen and others relating to the defendants Ibrahim N. Oudeh and Teresa Sloan-Oudeh's employment by Goshen…. (JA394)

This is entirely consistent with Dr. Oudeh's 22 March 2018 Financial Statement showing a zero balance in the Naim Trust, Account #49290495. (Exhibit D Pg. 12) This Financial Statement was provided by Dr. Oudeh's attorneys.

2.      Dr. Oudeh, in his pre suit deposition testified about The Naim Trust that he provided for his son in the amount of "about 750 something thousand" JA463.

Prior to the settlement agreement Dr. Oudeh provided a statement from the Scottrade account for the month of September 2016 showing that Dr. Oudeh made two deposits into the Naim trust account on 7 September 2016. One deposit in the amount of $419,673.00 and the other deposit in the amount of $540,923.00. JA452   The Naim Trust was also disclosed by Dr. Oudeh in his prefiling Sworn Testimony in Civil Investigative Demand Number 17-T-01. (Exhibit J Pg. 4 & 5) JA454 – JA455.   Dr. Oudeh also provided to the Plaintiffs the Naim Trust Scottrade account statement for the month of June 2017 which shows that on 12 June 2017 Hanan Kharoufeh withdrew by wire transfer $784,463.58 leaving the account balance at zero. JA456 – JA457.

## THE COURT FAILED TO GIVE THE DEFENDANTS A PLENARY HEARING AND REFUSED TO ALLOW THE DEFENDANTS ANY POST JUDGMENT DISCOVERY

The Court did not grant to the Defendants a hearing of any kind at which the Defendants could call witnesses, subpoena adverse witnesses or to present evidence of any kind. Instead, the Court summarily issued an Order denying the Defendants Motion for Post-Judgment Discovery and denying the Defendant's Amended Motion to Set Aside Judgment. JA581 – JA591.

## DEFENDANT OUDEH'S COUNTERCLAIM
## AGAINST THE UNITED STATES OF AMERICA

In this present action, The United States of America brought this action alleging violations of 28 USC § 3304(b)(1), alleging a cause of action for fraudulent transfers for the benefit of Dr. Ibrahim Oudeh and others.

Subsequently, the United States, without any agreement with Dr. Oudeh, without any payment or consideration of any kind, and without Dr. Oudeh's consent, dismissed its claim against Dr. Oudeh without prejudice. JA948.

In his answer, Dr. Oudeh included a counterclaim against the plaintiff, alleging that the United States violated the settlement agreement reached by the parties in Civil action numbered 5:18-cv-00009-D by having the Clerk of the District Court record the conditional consent judgment. Dr. Oudeh alleged that there are no facts to support the existence of a condition precedent to justify the plaintiff's entry of the judgment. Plaintiff claimed that the plaintiff's recordation of the judgment was a violation of the settlement agreement entered into by the parties. Plaintiff asked the court to strike and set aside the entry of the judgment.

The Trial court summarily dismissed the Plaintiff's counterclaim with a finding that the doctrine of issue preclusion prevented the plaintiff from pursuing his counterclaim. JA915.

The Defendant Oudeh asked for a trial by jury on all issues raised in his counterclaim. JA202.

## RELEVANT PROCEDURAL HISTORY

On 12 January 2018 the United States of America and the State of North Carolina brought a civil action No. 5:18-CV 9 (D) against Dr. Ibrahim N. Oudeh, Teresa Sloan-Oudeh, and Ibrahim N. Oudeh, M.D. P.A. alleging numerous violations of the False Claims Act 31 U. S. C. 3729' et. Seq.  for False Health Care Billing and the Physicians Self-Referral Statute, 42 U. S. C. sec. 1395nn. and the North Carolina False Claims Act, N.C.G.S. §§ 1-605, et seq. The Governments also sought pre-judgment remedies under the Federal Debt Collection Procedures Act. JA10.  (Oudeh I) That on 15 April 2022 the Deputy Clerk of the District Court for the Eastern District of North Carolina entered a consent judgment against Ibrahim N. Oudeh and his wife, Teresa Sloan-Oudeh and Ibrahim N. Oudeh, M.D. in the amount of $5,500,000.00 along with post judgment interest.  JA193.  (Oudeh I)

On 18 October 2022 the defendant, Dr. Oudeh filed his amended motion to set aside the consent judgment and alleged that the United States, in breach of contract, wrongfully caused the Clerk to record the conditional consent judgment.  JA330 – JA344.

On 15 December 2022, the Plaintiffs filed their "motion for post-judgment discovery pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and pursuant to Rule 16(b).  JA538. (Oudeh I)

On 25 April 2023 the Honorable James C. Dever, III entered an order which denied Dr. Oudeh's motion to set aside the judgment and denied the defendant's motion for post judgment discovery.  JA581 – JA 591.  (Oudeh I)

The Defendant Oudeh's appeal in that prior case (Oudeh I) is still pending in the Fourth Circuit Court of Appeals.  No. 23-1539.

On 11 April 2022 the plaintiff, United States of America filed a complaint against Dr. Ibrahim Oudeh and others under 28 U.S.C. § 3304 (b)(1) alleging a cause of action for the reversal of alleged fraudulent transfers for the benefit of Dr. Ibrahim Oudeh and others.   JA151.  (Oudeh II)

On 27 May 2022 the defendant Dr. Oudeh filed his answer and counterclaim.  JA202 – JA225.  In this counterclaim Dr. Oudeh alleged that the United States violated the terms of the settlement agreement entered in 5:18-cv-00009-D (Oudeh I) by causing the Clerk to enter the conditional consent judgment and asked the court to strike and render null and void the conditional consent judgment.

On 8 December 2023 the Honorable James C. Dever, III dismissed Dr. Oudeh's counterclaim with prejudice.  JA915 (Oudeh II)

On 5 January 2024, the defendant, Dr. Ibrahim N. Oudeh, timely filed a Notice of Appeal from the order entered by the trial court on 8 December 2023, which Order dismissed the defendant's counterclaim with prejudice.  JA934 and JA529.

On 28 March 2024, the United States Court of Appeals for the Fourth Circuit dismissed the defendant's appeal, finding that the appeal is neither from a final order nor an appealable interlocutory or collateral order.  JA944.

On 22 May 2024, the Honorable James C. Dever III, United States District Judge, signed and entered an Order dismissing the action filed by the United States against all defendants without prejudice.  JA948.

The above Order of 22 May 2024 was a final Order dismissing plaintiff's claim against all defendants resolved and disposed all claims and issues then pending in the district court and therefore rendered the Order of 8 December 2023, dismissing Dr. Oudeh's counterclaim, a final Order subject to appeal.

On 20 June 2024 Dr. Oudeh filed his Notice of Appeal from the order which dismissed his counterclaim. JA949. This is the order which is the subject of this appeal. (Oudeh II)

The Defendant Oudeh's appeal in that prior case is still pending in the Fourth Circuit Court of Appeals. No. 23-1539

## SUMMARY OF THE ARGUMENT

The Defendant Oudeh contends that the Honorable Trial court erred in finding that the doctrine of claim preclusion applied to this case and in dismissing Dr. Oudeh's counterclaim with prejudice. The doctrine of claim preclusion does not apply here because Dr. Oudeh has never been afforded an opportunity in his prior case 5:18-cv-9 (Oudeh 1) to litigate the issues raised in his Rule 60(b) Motion and was never afforded due process in connection with his efforts to set aside the conditional consent

judgment. The defendant Oudeh claims that the United States of America violated the terms of the settlement agreement, and the conditional judgment has never been litigated. A Rule 60 motion is not a mechanism for litigating a claim and the resolution of a Rule 60 motion cannot serve as a basis for a claim preclusion. The defendant Oudeh has never had an opportunity to be heard on his allegation that the $5,500,000.00 conditional consent judgment was recorded in violation of the contract of the parties. Dr. Oudeh was never given the opportunity to call witnesses, to present evidence, and was not given a jury trial or a hearing of any kind. Therefore, neither issue preclusion res judicata can apply to deny Dr. Oudeh his right to contest the recording of the conditional consent judgment against him.

Dr. Oudeh contends that the United States of America and The State of North Carolina violated the terms of the settlement agreement which provided that the conditional consent judgment in the amount of $5,500,000.00 could not be recorded of record and collected against unless and until the government reasonably determined "that one or more or both of the individual defendants failed to disclose assets and income in the sworn Financial Statements provided to the Governments in this

action or made misrepresentations to the Governments regarding settlements or assets in this action". JA134 – JA139.

Dr. Oudeh alleges that the recordation of the conditional consent judgment was in violation of the terms of the settlement agreement and should be stricken.

Further, Dr. Oudeh shows to the Court that the District Court Judge specifically ordered that Dr. Oudeh, and his wife "did not waive their right to initiate an action alleging that they are entitled to relief because the plaintiffs have violated the settlement agreement by filing the notice". JA141

Dr. Oudeh contends that he was never afforded an opportunity to litigate this issue and that the Trial court's Order dismissing his Rule 60(b) Relief from Judgment did not constitute a prior litigated action. Further that Dr. Oudeh was not afforded a right to discovery, a plenary hearing, the right to call witnesses or any other due process rights. Therefore, the Trial court's order dismissing Dr. Oudeh's Rule 60(b) Motion could not serve as a predicate for the defenses of res judicata or issue preclusion.

## ARGUMENT

The Restatement (Second) of Judgments defines issue preclusion as "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim". *Restatement (Second) of Judgments* § 27(1982)

The defendant Oudeh in the first action (Oudeh I) argued that the judgment entered against him at the unilateral direction of the United States Attorney was not a valid judgment because it had been entered in contravention of the settlement of the agreement entered by the parties. Since there is no "valid' judgment in this case, there can be no res judicata or issue preclusion. *Restatement (Second) of Judgments* § 27(1982)

Dr. Oudeh alleged in his counterclaim that the United States caused the Clerk of the District Court to enter a judgment against him for $5,500,000.00 in violation of the terms of the settlement agreement entered among the parties. (Oudeh II) JA202. The allegation in the counterclaim is that the condition required for recording the conditional consent judgment was that "one or both of the individual Defendants

failed to disclose assets and income in the sworn Financial Statements provided to the Governments in this action or made material misrepresentations to the Governments regarding settlement or assets in this action." JA 202.

The plaintiff's alleged further that neither he nor his wife ever failed to disclose assets or income in their Financial Statements and that neither of them have ever made any material misrepresentation to the Government regarding the settlement or assets in this action. JA207.

The Counterclaim alleged that the judgment was wrongfully filed and entered against the plaintiff and that the Defendant wrongfully collected substantial sums of money owned by the Defendant Oudeh and his wife Theresa Oudeh including portions of their Social Security benefits. These allegations provide enough facts to state a claim for relief that is plausible on its face, ***Bell Atl. Civil R.P. v. Twombly***, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

The Defendant has alleged in his counterclaim, factual content that allows the court to draw the reasonable inference that the Defendant is liable for the breach of contract.

Therefore, the Trial Court committed error as a matter of law in allowing and granting the plaintiff's Rule 12(b)(6) Motion to Dismiss for failure to state a claim. The Defendant has alleged a cause of action upon which relief could be granted in his counterclaim and the defendant Oudeh should be allowed a trial by jury on the merits of this claim.

## I. Allegations of material fact should have precluded dismissal of plaintiff's counterclaim when the complaint alleged facts sufficient to state a claim for relief.

### A. Standard of Review

**The Appellate Court** applies a de novo standard of review when reviewing the dismissal of a complaint under Rule 12(b)(6), accepting all factual allegations as and drawing reasonable inferences in the plaintiff's favor. ***Semenova v. Md. Transit Admin.***, 845 F.3d 564, 567 (4th Cir. 2017). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Because Rule 12(b)(6) authorizes dismissal of a complaint for failure to state a claim upon which relief can be granted, "[t]he purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." ***Edwards v. City of Goldsboro***, 178 F.3d 231, 243 (4th Cir. 1999). To survive a 12(b)(6) motion to dismiss,

a complaint must provide "enough facts to state a claim to relief that is plausible on its face." ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). That is, it must "plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Ashcroft v. Iqbal***, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citation omitted). ***Guerrero v. Ollie's Bargain Outlet, Inc.***, No. 22-1402, 2024 U.S. App. LEXIS 21502, at *5-6 (4th Cir. Aug. 26, 2024)

Courts of Appeal review de novo dismissals under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, viewing the facts in the light most favorable to the plaintiff. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face. The plausibility standard is not a probability requirement but asks for more than a sheer possibility that a defendant has acted unlawfully. Although it is true that the complaint must contain sufficient facts to state a claim that is plausible on its face, it nevertheless need only give the defendant fair notice of what the claim is and the grounds on which it rests. ***USA English Language Ctr. v.***

*Accrediting Council for Continuing Educ. & Training, Inc.,* No. 19-2308, 2021 U.S. App. LEXIS 22247, at *1 (4th Cir. July 27, 2021)

## B. Discussion

The action in the Trial Court No. 5:22-CV-140 (Oudeh II) was brought by the United States and alleges that Dr. Oudeh violated 28 USC § 3304(b)(1) and alleges that Dr. Oudeh and the codefendants violated that statute, and engaged in fraudulent transfers in order to avoid paying what the government claimed was due pursuant to a conditional consent judgment.

The complaint of the United States alleges that the United States of America is a creditor of Dr. Oudeh based upon a consent judgment entered in the amount of $5,500,000.00 in Case No. 5:18-CV-9(d).  On 27 May 2022, Dr. Oudeh filed his answer to the complaint and alleged as a cause of action that the United States violated the terms of the settlement agreement reached between the United States and Dr. Oudeh by causing the consent order to be recorded in the lien records and utilized for collection in violations of the terms of the settlement agreement.  JA224.  The settlement agreement specifically provided that the consent judgment "Shall not be recorded in lien records or utilized for

collection unless the Governments reasonably determine that one or both of the individual Defendants failed to disclose assets and income in the sworn Financial Statements provided to the Governments in this action or made material misrepresentations to the Governments regarding settlement or assets in this action". JA121.

Dr. Oudeh further alleges that neither he nor his wife have ever failed to disclose assets or income in their financial statements and that neither of them have ever made material or misrepresentations to the government regarding settlements or assets in this action. JA202

Dr. Oudeh in his counterclaim asks that the consent judgment be stricken from the records and declared to be null and void and that he have a trial by jury on all issues allowed by law.

On 18 July 2022, the United States filed its answer to the counterclaim, and, among the defenses claimed that Dr. Oudeh "has not properly challenged the entry of Consent Judgment based upon the agreed Orders entered and Settlement Agreement." JA257 – JA258.

The Honorable James C. Dever agreed with the Plaintiff's position that the defendant has not properly challenged the consent judgment and, on 8 December 2023, entered an order granting the Plaintiff's

motion to dismiss Dr. Oudeh's counterclaim, and dismissed with prejudice Dr. Oudeh's counterclaim. JA915.

After the Trial Court dismissed the Defendant's counterclaim, it entered an order of 22 May 2024 dismissing without prejudice the action filed by the United States against Dr. Oudeh as well as all other Defendants. In this order dismissing Dr. Oudeh, the court noted that Dr. Oudeh's counterclaim has been dismissed. JA948. In the instant action, District Court Judge Dever signed an order dismissing Dr. Oudeh's counterclaim on 8 December 2023. JA915 – JA922.

In the body of the order Judge Dever noted that the United States relies upon "Oudeh 1" [No. 5:18-CV-9-D] for its preclusive effect. JA921. Judge Dever then noted that "this court denied Oudeh's initial motion to set-aside the judgment, … " This portion of Judge Dever's order clearly indicates that the claim preclusive doctrine upon which he basis his dismissal of Dr. Oudeh's counterclaim is related to the conditional consent order which was signed and entered before Dr. Oudeh filed his Rule 60(b) motion for relief from the judgment.

There is nothing in Judge Dever's order of 8 December 2023, to show or to support a conclusion that Dr. Oudeh's attack on the entry of

the consent order based upon Dr. Oudeh's contention that the Plaintiff violated the terms of the consent agreement by having the consent judgment entered was ever litigated.

Judge Dever cited three basis upon which he based his conclusion that claim preclusion bars Dr. Oudeh's counterclaim:

1.    Oudeh 1 produced a final judgment on the merits.

2.    Dr. Oudeh's appeal of Oudeh 1 concerns the same cause of action as this action's counterclaim.

3.    The United States and Oudeh were parties to Oudeh 1. JA921.

Judge Dever's order indicates that he clearly relies upon the conditional consent judgment for its preclusive effect.  It is significant however that the issue raised in Dr. Oudeh's Rule 60(b) motion for appropriate relief is a new, separate and independent issue from any issue contained in the conditional consent judgment.  The issue in Dr. Oudeh's Rule 60 motion was whether the plaintiff violated the settlement agreement by having the conditional consent judgment recorded in the absence of any condition which would allow such recordation.  Thus, the conditional consent order itself could not serve as the preclusive effect.

Judge Dever's order ignores an essential element which is necessary to support a claim of issue preclusion. This missing essential element is that the issue was previously litigated. Here, Dr. Oudeh's Rule 60 motion was never litigated. Therefore, issue preclusion could not apply.

Indeed, among the issues raised in Dr. Oudeh's counterclaim was that "the Plaintiff has violated the Settlement Agreement by causing the Consent Order to be recorded in the lien records and utilized for collection in violation of the terms of the Settlement Agreement." JA224. Dr. Oudeh contends that neither he nor his wife have ever made material misrepresentations to the Government concerning the settlement or their assets, and that neither Dr. Oudeh nor his wife failed to disclose assets or income in their Financial Statements. JA223.

Dr. Oudeh has never been allowed to litigate that issue and thus, the doctrine of issue preclusion will not apply and do not bar the Plaintiff's counterclaim. Intended that the settlement agreement entered into and among the parties on 20 April 2020, provided that the consent judgment "shall not be recorded until certain conditions exist. JA118 – JA133.

It is clear that the Honorable James C. Dever, III, the District Court Trial Judge, did not consider the Defendant's Rule 60 Motion as a "separate proceeding."

Additionally, Judge Dever stated that: "Defendants do not address Rule 60(b)'s and its Rule 60(b)'s threshold requirements, and, thus, fail to proffer evidence that they have a valid defense or counterclaim to the complaint filed by the governments".

Dr. Oudeh's Counterclaim brought in this action is a separate and distinct counterclaim and constitutes a separate and distinct cause of action. This cause of action was created by Judge Dever in his Stipulation of Dismissal & Consent Order which provided that Dr. Oudeh and his wife have the "ability to initiate an action alleging that they are entitled to relief because the plaintiffs have violated the settlement agreement by filing the Notice." JA347.

Judge Dever's Order specifically provided with respect to the provisions of the consent judgment that: "…but Defendants are not waiving a right to contest collection efforts, or to initiate an action alleging that they are entitled to relief because the Plaintiffs have violated the Settlement Agreement by filing the Notice." JA347.

Before filing the counterclaim in the instant action, the Defendant Oudeh had never exercised his right to "initiate an action alleging that they are entitled to relief because the Plaintiffs have violated the Settlement Agreement by filing the Notice." JA347.

It is apparent from the careful reading of the Order denying Oudeh's Rule 60 Motion for Relief of Judgment that the trial court never gave Dr. Oudeh an opportunity to litigate the issue of whether the Government violated the consent order and violated the order of the Trial court when it sought and obtained the filing of the Conditional Consent Judgment against Dr. Oudeh and his wife, Theresa Oudeh. The Trial Judge writes: "As for a meritorious defense, defendants must make a 'proffer of evidence which would … establish a valid counterclaim'". JA584.

It is clear from this segment that the court treated Oudeh's Rule 60 Motion as a "Counterclaim" in the original pleadings. (Oudeh I) Dr. Oudeh made no such counterclaim. Indeed, he consented to the original judgment against him and agreed to surrender significant personal property and certain liquid assets. Dr. Oudeh takes no issue with the original consent order. By filing the Rule 60 Motion, Dr. Oudeh

attempted to attack the recording and entry of the conditional consent judgment which was not to be recorded unless and until the United States could prove the existence of certain facts which Dr. Oudeh contends never existed.

Clearly, the Trial Judge did not afford Dr. Oudeh a chance to conduct "litigation", therefore, claim preclusion should not apply.

The Trial Judge continues, in its order denying Dr. Oudeh's Rule 60 Motion to consider the motion as an attack on the original complaint writing that:    "Defendants do not address Rule 60(b)'s threshold requirements and, thus, fail to proffer evidence that they have a valid defense or counterclaim to the complaint filed by the governments." JA584.  The Defendants did not attack the original complaint.  Indeed, the defendants agreed that, as a result of the allegations contained in the complaint, they surrendered substantial real estate and liquid assets to the Government.  The purpose of the Rule 60 Motion was to attack the action by the U.S. attorney to have the conditional consent judgment recorded and treated as an active judgment.  This is an issue separate and apart from the merits of the government's claim set out in its complaint.  The defendants alleged in their Rule 60(b) Motion that it was

the entry of the conditional consent judgment that was improper because the government had no evidence to support a contention that it reasonably determined that: "Circumstances have arisen that entitled them to file the consent judgment". The settlement agreement provided that the defendants sign a conditional consent judgment against them in the amount of $5,500,000.00. JA118 – JA133. However, pursuant to the court's order of 20 April 2020, that judgment shall not be entered unless the Plaintiff's: "Reasonably determines that circumstances have arisen that entitle them to file the consent judgment … " JA121. The "settlement agreement" upon which the judge's order is based, provides that the consent judgment shall not be recorded in the lien records or utilized for collection: "Unless the government reasonably determine that one or both of the individual Defendants failed to disclose assets and income in the sworn Financial Statements provided to the Governments in this action or made misrepresentations to the Governments regarding settlement or assets in this action. JA121.

The Defendants, Dr. Oudeh and his wife, Theresa Oudeh, alleged in their Rule 60(b) Motion that the government did not have any evidence that either of the defendants failed to disclose assets and income in the

sworn financial statements provided to the government, or that they made material misrepresentations to the governments regarding settlement or assets in this action.  The defendants were never allowed to litigate that issue.  Instead, the court denied the Rule 60(b) Motion based upon its finding that defendants:  "Fail to proffer evidence that they have a valid defense or counterclaim to the complaint filed by the governments."  JA584.

The defendants do not contend that they had a valid defense or counterclaim to the complaint.  On the contrary, they voluntarily entered into a consent agreement with the government and agreed to an entry by the court of an order implementing the settlement agreement and the surrender of substantial assets to the government.  It is only the entry and recording of the conditional consent judgment that the defendants attacked in their Rule 60(b) Motion.

Under the doctrine of collateral estoppel, a prior judgment involving the same parties precludes litigation of issues "actually litigated and determined in the prior suit."  Therefore, in order for the doctrine of collateral estoppel to apply, the issue in question must have been actually litigated.

This law was expressed by the Supreme Court of the United States in ***Lawlor v. National Screen Service Corporation***, 349 US 322, 75 S. Ct. 865, 99 L. Ed. 1122 (1955).  In *Lawlor*, an action was brought, seeking treble damages, by a group of poster manufacturers engaged in the business of leasing advertising posters to motion picture exhibitors. The plaintiffs allege that the defendants had conspired to establish a monopoly in the distribution of posters by means of the exclusive licenses and that the plaintiffs' business had been injured as a consequence.  In addition to the damages, an injunction was sought against the defendants' "illegals acts and practices".  In 1943, prior to any trial, the suit was settled.  Pursuant to the settlement, the suit was dismissed "with prejudice" by court order.  No findings of fact or law were made.  In a subsequent lawsuit by the plaintiff against the same defendants that were named in the previous lawsuit, the plaintiff alleged that they were entitled to injunctive relief against the defendant, National Screen, because the undisputed facts supported the petitioner's claim for unlawful monopoly.  Before trial was held on the second suit, the defendants moved to dismiss the action on the grounds that the 1943 judgment was res judicata.  The district court granted that motion which

was upheld by the Court of Appeals for the Third Circuit. The United States Supreme Court granted certiorari and reversed the lower court holding that the lower court recognized that no question of collateral estoppel by the former judgment is involved because the case was never tried and there was not, therefore, such findings of fact which will preclude the parties to that litigation from questioning the finding thereafter. The Supreme Court disagreed with the lower court, however, in its ruling on the res judicata issue and held that the 1942 and 1949 suits were not based upon the same cause of action and noted that the conduct complained of in the second action was all subsequent to the 1943 judgment.

In the instant case, there was no judgment "on the merits" and (Oudeh 1) there was merely a denial of a motion for appropriate relief. The issue of whether the recording of the consent judgment was a violation of the settlement agreement and therefore null and void has never been litigated by the court in either Oudeh 1 or Oudeh 2.

Therefore, the defendant, Dr. Ibrahim Oudeh respectfully contends that the District Court committed error in dismissing Oudeh's counterclaim based on res judicata or issue preclusion or collateral

estoppel and that Dr. Oudeh should be granted trial by jury after full discovery rights have been exercised.

The Supreme Court in **Arizona v. California** 531 U.S. 1, 121 S. Ct. 292, 148 L. Ed. 2d 1 (2000) stated that the general rule is that issue preclusion attaches only when an issue is actually litigated and determined by valid and final judgment citing **United States v. International Building Company** 345 U.S. 502, 505-506.

The court never allowed the defendants to litigate the issue of whether there was evidence sufficient for the governments to "reasonably determine that one or both of the individual defendants failed to disclose assets and income in the sworn Financial Statements provided to the governments in this action or made material misrepresentations to the governments regarding settlement or assets in this action".

As a further indication that the defendant, Dr. Ibrahim N. Oudeh was never allowed to litigate his attack upon the entry of the conditional consent judgment is the fact that the trial court denied Dr. Oudeh's request for discovery. The court would not allow Dr. Oudeh to have any discovery whatsoever, not any interrogatories, no requests for admissions, no depositions, no discovery whatsoever. JA591.

It is apparent that the trial court agreed with the government's contention that the defendant should not be entitled to any discovery because they did not have a right to post-judgment discovery, and that: "Reopening discovery would conflict with this court's scheduling order in this case.". JA589.

The court also stated in its order denying discovery that "the discovery that defendants propose is overbroad and inconsistent with the settlement agreement and consent judgment". JA589. This order ignores the fact that Dr. Oudeh's Rule 60(b) motion addresses facts that occurred after the settlement agreement and the consent judgment were signed.

The scheduling order the Government referred to was prepared soon after the initial lawsuit was filed. This scheduling order had nothing to do with the defendant's Rule 60(b) Motion for relief from judgment. To the Government's argument, the trial court responded: "On June 15, 2018, the court set the scheduling order for this action. This order stated that 'all discovery shall be completed by March 1, 2019.' *Id.* at 1. The court did not extend this deadline, and the deadline has expired." JA588-589.

Judge Dever wrote: "Defendants fail to cite authority suggesting that a defendant is entitled to discovery after entry of a final judgment again it." JA589. This is a further indication that Judge Dever refused to allow the Defendants to litigate the issue of whether there were sufficient facts to justify the entry of the conditional consent order. This is true even though the consent order entered by Judge Dever on February 20, 2020 clearly provided that: "the Defendants are not waiving a right to contest collection efforts or to 'initiate an action alleging that they are entitled to relief because the Plaintiffs have violated the settlement agreement by filing the notice." JA121. The court also noted that although the United States is entitled to discovery during the collection phase of a "Federal Debt Collection Practices Act Action, defendants do not have a reciprocal right against the governments. JA589.

The Trial court further found that: "the requested additional discovery is not needed in this case." JA589. This is an indication that the trial judge did not afford Dr. Oudeh an opportunity to litigate: "an action alleging that they are entitled to relief because the plaintiffs have

violated the Settlement Agreement by filing the Notice". This is a right which the trial court acknowledged that Dr. Oudeh had. JA121.

Even more telling is the fact that Judge Dever found that: "defendants waived the right to contest entry of the Consent Judgment as part of their Settlement Agreement." JA589. Clearly, the trial court found that Dr. Oudeh did not have a right to contest entry of a consent judgment even though his order, filed April 20, 2020, clearly stated that: "but Defendants are not waiving defenses to collection efforts. Nor are Defendants waiving the ability to initiate an action alleging that they are entitled to relief because if Plaintiffs have violated the Settlement Agreement by filing the Notice." JA121.

Since Judge Dever concluded that Dr. Oudeh did not have the right to contest entry of the consent judgment, Judge Dever did not allow Dr. Oudeh to do so. Judge Dever did not allow Dr. Oudeh to contest the consent judgment and did not allow Dr. Oudeh to litigate that issue. Thus, the doctrine of issue conclusion, does not apply in Dr. Oudeh's counterclaim in this case.

Judge Dever, the trial judge, also noted that Dr. Oudeh has: "failed to demonstrate good cause for the court to modify its scheduling order to

allow for the requested post-judgment discovery". JA589. This finding demonstrates Judge Dever's clear positions that Dr. Oudeh was not entitled to litigate his effort to contest the filing and entry of the consent judgment. Therefore, the issue was never dealt with by Judge Dever, other than Judge Dever's order, which, in effect, denies the right that Dr. Oudeh had to litigate the issue, and the contest the entry of the conditional consent judgment.

The trial court concluded that Dr. Oudeh failed to demonstrate good cause sufficient to justify amending the court's discovery scheduling order in order to allow the requested discovery. In response to Dr. Oudeh's contention that his current counsel was not counsel of record in the case prior to the entry of the consent judgment on 20 April 2020, the court responded that: "Defendant's new counsel, however, could review the discovery conducted by defendants' prior counsel". JA590. This statement clearly indicates that the only factual issues relevant to the court occurred before the entry of the consent order, and the resulting conditional consent judgment, which is the subject of Dr. Oudeh's efforts to set aside the consent judgment. Clearly, Dr. Oudeh has not litigated the issue of whether the consent judgment was entered in violation of the

consent order, and the judge's order of 20 April 2020, which implemented the settlement agreement.  JA140.

In his brief to the Trial court to support his Rule 60(b) motion to set aside the entry of the conditional consent order, Dr. Oudeh argued that he was entitled to discovery and cited the Fourth Circuit Court of Appeals case of greater ***Baltimore Center for Privacy Concerns, Inc. v. Mayor of Baltimore***, 721 F.3d 264 (4th Cir. 2013).  In response to that case, Judge Dever noted that in that case the Fourth Circuit was analyzing the issue of discovery before filing or responding to a motion for summary judgment.  Judge Dever stated that:  "The case does not stand for the proposition that post-judgment discovery is essential or required to vindicate a defendants' due process rights on the facts presented in this case."  JA591. Judge Dever's ruling which denied Dr. Oudeh any discovery in connection with his efforts to set aside the conditional consent judgment, stated that:  "Because defendants have failed to show good cause to amend the court's scheduling order, the court denies defendants' motion for post-judgment discovery".  JA591.

Clearly Dr. Oudeh was denied due process in connection with those efforts to set aside the entry and recording of the conditional consent

judgment. The law is that res judicata cannot be applied so as to deny a litigate his or her due process rights.

In **_Shrader v. Harris_** 631 F. 2d 297 (1980) the court held that in view of evidence concerning the plaintiff's mental illness it was error to dismiss the plaintiff's claim based upon res judicata and that to do so would deprive the claimants of a proper interest without due process of law.

In **_Piedmont Trust Bank v. Linkous_** 990 F. 2d 160 (1993) the Fourth Circuit Court of Appeal appealed an order of the district court which refused to treat a bankruptcy court confirmation order as res judicata on the grounds that application of res judicata in that situation would result in a denial of due process.

## <u>CONCLUSION</u>

The appellant, Dr. Ibrahim N. Oudeh respectfully prays the Court as follows:

1.  That the Court reverse the Honorable James C. Dever's Order dismissing the appellant's counterclaim.

2.    That the Court find that the Court's Order denying the appellant's Rule 60(b) Motion does not serve as a basis for the defenses of res judicata or issue preclusion.

3.    That the Court find that the appellant, Dr. Ibrahim N. Oudeh was never given the opportunity to litigate the issue of whether the plaintiffs in the prior case (Oudeh 1) violated the settlement agreement by having the court record and execute on the conditional consent judgment.

4.    That the defendant appellant, Dr. Ibrahim N. Oudeh be granted a trial by jury on his counterclaim and that he be afforded due process and the full right to litigate his counterclaim including full discovery rights and the rights to call witnesses and present evidence during the jury trial.

## **REQUEST FOR ORAL ARGUMENT**

The Defendants request Oral argument and respectfully submits that oral argument would be helpful in resolving the important issues presented with regards to the novel question regarding the right to discovery in a new cause of action created by the Court to challenge the validity of the recording of the conditional Consent Judgment and other questions of law.

**BRENT ADAMS & ASSOCIATES**

/s/ Brenton D. Adams
**NC State Bar #11**
**brent@brentadams.com**
**Attorney for Appellants**
**P.O. Box 1389**
**Dunn, NC 28335**
**910-892-8177**

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[ X ] this brief contains [*8,240*] words.

[   ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2.      This brief complies with the typeface and type style requirements because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 365*] in [*14pt Century Schoolbook*]; *or*

[   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated:  <u>November 27, 2024</u>          <u>/s/ Brenton D. Adams</u>
                                                              *Counsel for Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 27th day of November, 2024, I caused

this Brief of Appellant and Joint Appendix to be filed electronically with

the Clerk of the Court using the CM/ECF System, which will send notice

of such filing to the following registered CM/ECF users:

Neal Fowler
OFFICE OF THE U.S. ATTORNEY
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
(919) 856-4530

*Counsel for Appellee*

/s/ Brenton D. Adams
*Counsel for Appellant*